SOLOMON P. FRANK *v.* HERMAN CARLTON.

**Vendor and Purchaser—Sale of Land—Suit to Enforce Specific Perform-
ance—Necessary Allegation—Tender of Deed.**

A vendor seeking a specific execution of a contract of sale must
allege a readiness and an ability to execute on his part and tender
a deed with the petition.

APPEAL FROM KENTON CIRCUIT COURT.

June 14, 1871.

OPINION BY JUDGE PETERS:

Solomon P. Frank died in Covington in 1849, intestate, leaving
a widow, and the appellant, Solomon P. Frank, his only child
of tender years. His administrator filed his bill in equity in the
Kenton circuit court, alleging that his intestate left no personal
estate and no real estate except a lot in the city of Covington,
particularly described, which he had purchased of one Herman
Carlton by executory contract at the price of two hundred and
fifty dollars, no part of which had been paid, and that he held
the bond of Carlton for the conveyance thereof and that he
owed to one Higgins $30 and prayed for a sale of the lot to pay
said debt. The widow and infant child were served with process,
but before there was any answer by a guardian ad litem and
without a response to him, so far as appears, the master made
a report and a sale of the lot was ordered and was made, but
was set aside on the 17th of September, 1850, and on the 21st
of the same month, J. F. Fish, Esq., was appointed guardian ad
litem for the infant, and on the 31st of October thereafter,
Carleton filed his answer to the original bill making it a cross-
bill against the widow and heir at law of decedent. Summons
were issued on this cross-bill and served on both the defendants
thereto and C. B. Bartlett appointed guardian ad litem to defend
for the infant. Bartlett failed to make any answer and the orig-
inal bill was dismissed, and under the cross-bill of Carlton the
lot was decreed to be sold and was actually sold, and P. S. Bush
became the purchaser thereof in 1852. But whether a deed was
ordered to be made to him and was made and properly acknowl-
edged and certified does not appear, and from the judgment
aforesaid, the heir has appealed.

. It seems that the notes executed for the price of the land to Carlton were filed by the administrator with the original petition and how he became possessed of them is unexplained, and a sale was ordered before Carlton had answered in the first instance.

By an examination of the cross-bill it will be perceived that the allegations thereof are insufficient to authorize the relief sought. It is alleged that intestate had not paid off said notes in his lifetime, but it is not alleged that they had not been paid since his death, nor that they were then due and owing. Furthermore, Carlton neither alleges that he is willing to make a title to the lot, nor that he has title and is able to make it to appellant.

This court has repeatedly held that a vendor seeking a specific execution must allege a readiness and an ability to execute it on his part and tender a deed. Therefore, for the errors pointed out in the proceedings, the judgment must be reversed and the cause remanded with directions for further proceedings consistent herewith.

*Menzies & Furber, appellant.*

*Dawson, for appellee.*